FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 2 5 2025

TAMMY A DOWNS CLERK
By_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JENNIFER HILLMAN                                                    PLAINTIFF

VS.                          NO. 4:25-cv-158-JM

FAULKNER COUNTY SHERIFF'S DEPARTMENT;
FAULKNER COUNTY, ARKANSAS;
SHERIFF TIM RYALS, in his Official
and Individual Capacity; CHIEF DEPUTY CHAD
WOOLEY, in his Official and Individual Capacity          DEFENDANTS

## COMPLAINT

Plaintiff Jennifer Hillman, by and through her attorneys, Scott Richardson and

Brittany Webb of McDaniel Wolff, PLLC, states for her Complaint against

Defendants:

### I. RESIDENCY & PARTIES

1.     At the time of the events material to this Complaint, Plaintiff Jennifer

Hillman was a citizen and resident of Faulkner County, Arkansas.

2.     At all times relevant to this Complaint, Defendant Faulkner County

Sheriff's Department is a law enforcement agency that provides services to Faulkner

County. It may be served with process at 801 Locust Street, Conway, Arkansas 72034.

3.     At all times relevant to this Complaint, Defendant Faulkner County,

Arkansas, was a body politic and corporate. It may be served with process through

County Judge Allen Dodson at 801 Locust Street, Conway, Arkansas 72034.

4.     Defendant Tim Ryals was elected Sheriff of Faulkner County, Arkansas,

in November of 2016 and assumed office in January of 2017. He may be served with

This case assigned to District Judge Moody
and to Magistrate Judge Volpe                    1

process at 801 Locust Street, Conway, Arkansas 72034.

5.     Defendant Chad Wooley serves as Chief Deputy with the Sheriff's Department in Faulkner County, Arkansas. He may be served with process at 801 Locust Street, Conway, Arkansas 72034.

## II. <u>JURISDICTION & VENUE</u>

6.     Plaintiff brings this action for declaratory relief, injunctive relief, and damages to redress deprivation of rights secured to her. The Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 2000(e) *et seq.* as amended and title VII of the Civil Rights Act of 1964. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

7.     Venue is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to this claim occurred in the Eastern District of Arkansas.

## III. <u>BASIC PREMISE</u>

8.     This is an action for sex discrimination, disability discrimination, and retaliation under Title VII, the American with Disabilities Act, and the Arkansas Civil Rights Act arising from Plaintiff's employment at the Faulkner County Sheriff's Office ("FCSO") in Conway, Arkansas until her unlawful termination on March 14, 2024.

## IV. <u>FACTS</u>

9.     Jennifer Hillman has served in law enforcement for over twenty-five years; the last fourteen of those years were with the Faulkner County Sheriff's Office.

10.     During her time with the FCSO, Plaintiff Hillman was assigned to various divisions within the Sheriff's Office, and she held the positions of Commander over Training, Administration, Dispatch, Patrol, and the Crisis Negotiations Team.

11.     On or around April 2009, Plaintiff Hillman was hired as a patrol deputy.

12.     Plaintiff Hillman diligently worked her way up the chain of command as she gained experience and put in her time with the FCSO. In or around 2010, Plaintiff Hillman was promoted to Corporal. In or around 2011, she was again promoted, this time to Sergeant.

13.     In or around 2019, Plaintiff Hillman was promoted to Staff Sergeant.

14.     In or around 2020, Plaintiff Hillman was promoted to Lieutenant.

15.     In or around January 2022, Plaintiff Hillman was promoted to Enforcement Captain, a role she maintained up and until her termination.

16.     At all times relevant to this Complaint, Plaintiff performed her duties properly and met the expectations and requirements of her employer and supervisors.

17.     Within a month of Plaintiff Hillman's promotion to Captain, she began to experience disparate treatment from her male peers that continued until her termination, including:

   a. Sheriff Ryals requesting a meeting with Plaintiff Hillman and Chief Deputy Wooley, during which Sheriff Ryals criticized Plaintiff Hillman for missing training, firearms, and fitness during the year despite Plaintiff Hillman being on FMLA leave or light duty due to surgery;

   b. Sheriff Ryals requesting Plaintiff Hillman act like the "Old Jen" and

3

"fun-loving" Jen that made her colleagues smile and laugh;

c. Sheriff Ryals calling Plaintiff Hillman in for a meeting with himself and other male command staff, including Chief Deputy Wooley, to detail objectives for the upcoming year and, upon arrival, being told it was actually a meeting to "clear the air with Jen." Plaintiff Hillman was the only female command staff member present;

d. Male subordinates receiving new patrol vehicles despite Plaintiff Hillman's being older;

e. Male subordinates being allowed to circumvent Plaintiff Hillman's role and position, which Plaintiff Hillman brought to the attention of both Chief Deputy Wooley and Sheriff Ryals. Both declined to take any actions;

f. Plaintiff Hillman being excluded from meetings and discussions, such as 2024 Eclipse planning meetings and 9-1-1 consolidation meetings, despite the impact on the divisions she managed. Male colleagues were invited to participate;

g. Plaintiff Hillman being excluded from the Sheriff's conference while male colleagues and subordinates were permitted to attend.

18. Plaintiff Hillman submitted administrative complaints of gender-based discrimination in the workplace. Following her complaints, Plaintiff Hillman's duties were limited, and her supervisory authority was limited to mainly female employees.

19. As part of her role with the FCSO, Plaintiff Hillman served as a certified

4

peer support member.

20.    One duty and responsibility Plaintiff Hillman still managed to enjoy was her management of the wellness unit and peer support team.

21.    Plaintiff Hillman conducted a critical incident defusing on February 26, 2024 for first responders and a critical incident debrief for the same group on March 7, 2024.

22.    On March 12, 2024, Plaintiff Hillman was questioned by her immediate supervisor, Sheriff Tim Ryals, about statements made during the peer-to-peer interactions.

23.    Plaintiff Hillman declined to answer due to Arkansas law requiring the protection of such statements.

24.    In retaliation for not disclosing privileged communications to Sherrif Ryals, Plaintiff Hillman was placed on administrative leave on March 12, 2024.

25.    On March 14, 2024, at or around 1:00 pm, Plaintiff Hillman met with Sheriff Ryals, who said, "At the end of the day, I don't think you are really being honest with me [inaudible], forthcoming with issues that I asked you."

26.    Sheriff Ryals then offered Ms. Hillman the opportunity to resign, but Ms. Hillman said she would not resign for allegedly being untruthful. Ms. Hillman was then terminated by Sheriff Ryals. *See* **Exhibit A**.

27.    Plaintiff Hillman was terminated because of her sex, for protecting the rights of those protected under the ADA, and in retaliation for exercising her rights under Title VII and the ADA.

28.     Plaintiff Hillman filed a timely request for a grievance hearing. The hearing upheld her termination and exhausted her remedies from the County. *See* **Exhibit B**.

29.     Plaintiff Hillman filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC").  *See* **Exhibit C**.

30.     On December 3, 2024, the EEOC issued a Right to Sue letter to Plaintiff Hillman. *See* **Exhibit D**.

## VI.  CAUSE OF ACTION – TITLE VII GENDER DISCRIMINATION

31.     Plaintiff was and is a member of a protected group: females.

32.     She was qualified to perform the job she held while at the Faulkner County Sheriff's office and was meeting her employer's legitimate job expectations.

33.     Pressuring an employee to violate the law and disclose privileged information is not a legitimate (or legal) job expectation.

34.     She suffered adverse employment actions while performing her jobs, including, but not limited to, the following:

    a. Plaintiff was subjected to unlawful sexual discrimination that the management refused to correct;

    b. Plaintiff's supervisors implemented job restrictions on Plaintiff that were not applicable to male employees such as restricting her job duties as a result of her complaint of sexual discrimination;

    c. Plaintiff was terminated because of her gender.

35.     The adverse employment actions were the result of unlawful gender

discrimination.

36.    Defendants had no legitimate reason for treating the Plaintiff differently because of her gender.

### VII.  CAUSE OF ACTION – TITLE VII RETALIATION

37.    As explained above, Defendants disciplined, restricted, and took other adverse employment actions against Plaintiff in retaliation for her exercising her rights under Title VII.

38.    Plaintiff engaged in protected conduct, namely reporting gender discrimination and hostility in the workplace.

39.    After she complained that she was experiencing harassment due to her gender, Plaintiffs duties were limited, her supervisory authority was largely restricted to female employees, and other actions were taken against her that changed her working conditions at the Faulkner County Sheriff's office up and until her unlawful termination on March 14, 2024.

40.    These retaliatory actions occurred because of Plaintiff was engaging in protected activity.

### VIII.  CAUSE OF ACTION – ARKANSAS CIVIL RIGHTS ACT

41.    Defendants' actions and omissions outlined above constitute gender discrimination as prohibited by the Arkansas Civil Rights Act (ACRA).  Ark. Code Ann. § 16-123-101, *et seq*.

42.    Defendants' actions and omissions outlined above constitute retaliation for engaging in protected activity in violation of the ACRA.

7

## X. CAUSE OF ACTION – ADA RETALIATION

43.    To establish unlawful retaliation under the ADA, a plaintiff must show that (1) she engaged in conduct protected by the ADA, (2) the employer took an adverse action against her, and (3) there was a causal connection between the adverse action and the protected activity. *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir.1999).

44.    Furthermore, under the ADA anti-interference provision, it is unlawful to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on the account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by [the ADA]." 42 U.S.C. § 12203(b). *See Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 550 (7th Cir. 2017).

45.    "[W]e determine that a plaintiff alleging an ADA interference claim must demonstrate that: (1) she engaged in activity statutorily protected by the ADA; (2) she was engaged in, or aided or encouraged others in, the exercise or enjoyment of ADA protected rights; (3) the defendants coerced, threatened, intimidated, or interfered on account of her protected activity; and (4) the defendants were motivated by an intent to discriminate." *Id.*

46.    "Protected activities are those statutorily protected under the ADA, including opposing or complaining about discrimination based on disability." *Id.*

47.    Mental health impairments or disorders are included under the ADA.

48.    Plaintiff Hillman was engaging in a protected activity under the ADA

8

by acting as a peer support member and protecting the mental health of her colleagues.

49.    Plaintiff Hillman was terminated (an adverse action) for protecting the privileged information disclosed to her.

## XI.  INJURIES AND COMPENSATORY DAMAGES

50.    Plaintiff sustained injuries as a result of the Defendants' violation of her rights under Title VII, the ADA, and the ACRA.

51.    Plaintiff's injuries include both economic and emotional damages in that Plaintiff suffered abuse at the hands of her employers and was forced to endure the stress of retaliation including the loss of her job when she had done nothing wrong.

52.    Plaintiff is entitled to the following damages:

a.  Back pay, front pay, lost benefits, and interest from loss of her employment due to Defendants' violation of Plaintiff's civil rights;

b.  Any and all compensatory damages as provided by law;

c.  Any and all punitive damages as provided by law;

d.  All costs and attorneys' fees associated with this action;

e.  The value of any earnings, profits, or salary lost in the past and that are reasonably certain to be lost in the future.

53.    Plaintiff is entitled to declaratory and injunctive relief as follows: a finding that the Defendants' conduct was in violation of Title VII, the Americans with Disabilities Act, and the Arkansas Civil Rights Act; Plaintiff's reinstatement to her position; and restoration of retirement benefits and awards.

9

54.     Plaintiff requests an award of all other relief to which she may be entitled, including but not limited to the costs of this action, expenses, attorney's fees, pre-judgment and post-judgment interest at the maximum rate allowed by law, and all other damages and relief to which Plaintiff is entitled to under the law.

## XII.  JURY TRIAL DEMAND

55.     Plaintiff hereby demands a trial by jury.

Respectfully submitted,

By:_____

Scott P. Richardson, Ark. Bar No. 2001208
Brittany D. Webb, Ark. Bar No. 2023139
**McDaniel Wolff, PLLC**
1307 West 4th St.
Little Rock, AR 72201
501.954.8000
scott@mcdanielwolff.com
bwebb@mcdanielwolff.com

*Attorneys for Plaintiff*

10



**SHERIFF**
**FAULKNER COUNTY**

Sheriff Tim Ryals

Chief Deputy Chad Wooley

Jen Hillman
32 Mystic Lane
Conway, AR 72032

Dear Jen:

This letter is to inform you that effective today, _3/14/2024_, your employment with Faulkner County Sheriff's Office is being terminated. After an internal investigation, it has been determined you have acted in manner that has caused me to lose faith and confidence in your ability to effectively promote the policies of this office. Therefore, you are being terminated.

Please return all county property in your possession to the Faulkner County Sheriff's Office and provide it to _CHIEF CHAD Wooley_.

If you feel you are being terminated due to an illegal or unconstitutional reason, you may request a grievance hearing as explained in the County personnel policy. Any written hearing request should be delivered to the County Grievance Committee in care of the County Judge no later than 4:30 p.m. on the third full business day (weekends and holidays excluded) after the incident that gave rise to the grievance claim.

Sincerely,

Sheriff Tim Ryals



PLAINTIFF'S
EXHIBIT

**A**

801 Locust Street, Conway, AR 72034 ★ (501) 450-4914 phone | (501) 450-7012 fax ★ fcso.ar.gov

# FAULKNER COUNTY HUMAN RESOURCES



801 Locust Street                                           501.450.4901 ph
Conway, AR  72034                                          501.450.4939 fax
Latasha Davis, Human Resources Officer      latasha.davis@faulknercountyar.gov


April 2, 2024

Ms. Jennifer Hillman
P.O. BOX 2553
Conway, AR 72033


Re: Advisory Opinion, Grievance Hearing of March 28, 2024

Dear Ms. Hillman,

Please accept this correspondence as the decision and outcome of your grievance hearing, in compliance with the Faulkner County Personnel Manual.

You presented a grievance regarding wrongful or unfair termination. Upon review of the entire record, including the testimony presented by both grievant and respondent, there was not sufficient information to find that an unlawful termination had taken place.  As such, this office will not recommend any change to your employment status.

Sincerely,

*Latasha Davis*

Latasha Davis
Human Resources Manager
801 Locust Street
Conway, AR 72034
501-450-4901
501-450-4939 FAX

PLAINTIFF'S
EXHIBIT

**B**

EEOC Form 5 (07/24)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 493-2024-02268 |

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Ms. Jennifer L. Hillman
Home Phone:       501-690-3095
Year of Birth:       1974
Street Address:    32 Mystic Lane
CONWAY, AR 72032

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.
Name: FAULKNER COUNTY SHERIFF'S OFFICE
No. Employees, Members: 101 - 200 Employees
Phone No.:
Street Address:    801 LOCUST AVE

CONWAY, AR 72034

Name:
No. Employees, Members:
Phone No.:
Street Address:

DISCRIMINATION BASED ON:
Retaliation, Sex

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02/01/2022
Latest: 03/15/2024

**PLAINTIFF'S EXHIBIT**

**C**

THE PARTICULARS ARE:

I was hired on August 28, 2009, as a Patrol Deputy (promoted in 2010 to corporal, 2011 Sergeant, 2019 Staff Sargent, 2020 Lieutenant). Around January 2022, I was promoted to Enforcement Captain. Around February 2022, I filed complaints of gender-based discrimination in the workplace. Following my complaints my duties were limited, and my supervisory authority was limited to mainly females. I also had been designated as a Certified Peer, which involved confidential interactions with my peers. On March 12, 2024, I was approached by the Sheriff regarding comments made during a February 2024 training (Critical Incident Debrief). I informed the Sheri that I could not disclose the information released during confidential meetings (Debriefs and peer-to-peer sessions). I was immediately placed on suspension. On March 14, 2024, I was contacted by the Sheriff and given the ultimatum to resign or be fired. I declined to resign and was discharged for refusing to disclose confidential information. There have been at least four female supervisors, within the past year, treated with the same belittling, bullying, undermining, and isolating behaviors as I have received. All of those supervisors were either demoted, had duties stripped from them, or been publicly ridiculed.

The Sheriff told me that I wasn't being straight up with him.

I believe I was discharged, because of my sex, Female, and in retaliation having engaged in activity protected by statute, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Page 1 of 3

EEOC Form 5 (07/24)

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally Signed By: Ms. Jennifer L. Hillman

08/13/2024

Charging Party Signature & Date

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Signature of Complainant

Subscribed and sworn to before me this date: _____

CP Enclosure with EEOC Form 5 (06/24)

## PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Page 3 of 3

EEOC Form 5 (07/24)

# AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 493-2024-02268 |

---

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Ms. Jennifer L. Hillman

Home Phone:     501-690-3095

Year of Birth:     1974

Street Address:    32 Mystic Lane

CONWAY, AR 72032

---

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: FAULKNER COUNTY SHERIFF'S OFFICE

No. Employees, Members: 101 - 200 Employees

Phone No.:

Street Address:    801 LOCUST AVE

CONWAY, AR 72034

Name:

No. Employees, Members:

Phone No.:

Street Address:

---

DISCRIMINATION BASED ON:

Retaliation, Sex

---

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 02/01/2022

Latest: 03/15/2024

---

THE PARTICULARS ARE:

I was hired on August 28, 2009, as a Patrol Deputy (promoted in 2010 to corporal, 2011 Sergeant, 2019 Staff Sargent, 2020 Lieutenant). Around January 2022, I was promoted to Enforcement Captain. Around February 2022, I filed complaints of gender-based discrimination in the workplace. Following my complaints my duties were limited, and my supervisory authority was limited to mainly females. I also had been designated as a Certified Peer, which involved confidential interactions with my peers. On March 12, 2024, I was approached by the Sheriff regarding comments made during a February 2024 training (Critical Incident Debrief). I informed the Sheriff that I could not disclose the information released during confidential meetings (Debriefs and peer-to-peer sessions). I was immediately placed on suspension. On March 14, 2024, I was contacted by the Sheriff and given the ultimatum to resign or be fired. I declined to resign and was discharged for refusing to disclose confidential information. There have been at least four female supervisors, within the past year, treated with the same belittling, bullying, undermining, and isolating behaviors as I have received. All of those supervisors were either demoted, had duties stripped from them, or been publicly ridiculed. I am a certified peer support member by definition of Ark. Code Ann. 16-40-106. In this role I provide support to persons with disabilities under the Americans with Disabilities Act. The Sheriff and other members of the Department sought to compel me to disclose confidential information I received during a peer support event, which would have been detrimental to those persons. I refused and insisted their rights must be protected. I was terminated in retaliation for exercising statutorily protected activities and for protecting and enforcing rights and protections for colleagues with mental health issues and impairments as covered by the Americans with Disabilities Act.

---

Page 1 of 3

EEOC Form 5 (07/24)

The Sheriff told me that I wasn't being straight up with him.

I believe I was discharged, because of my sex, Female, and in retaliation having engaged in activity protected by statute, in violation of Title VII of the Civil Rights Act of 1964, as amended, and discharged, in retaliation for exercising statutorily protected activities and for protecting and enforcing rights and protections for colleagues with mental health issues and impairments, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally Signed By: Ms. Jennifer L. Hillman
09/05/2024

Charging Party Signature & Date

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Signature of Complainant

Subscribed and sworn to before me this date: _____

Page 2 of 3

CP Enclosure with EEOC Form 5 (06/24)

## PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Little Rock Area Office**
820 Louisiana St, Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/03/2024

**To:** Ms. Jennifer L. Hillman
32 Mystic Lane
CONWAY, AR 72032
Charge No: 493-2024-02268

EEOC Representative and email:     BRITTNEY WILKERSON
Investigator
brittney.wilkerson@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 493-2024-02268.

On behalf of the Commission,

Digitally Signed By:William A Cash
12/03/2024
William A Cash
Area Office Director

**PLAINTIFF'S
EXHIBIT**

**D**

**Cc:**
Philip Murphy
801 Locust Ave.
Conway, AR 72034

Brittany Webb
McDaniel Wolff PLLC
1307 W. 4th St.
Little Rock, AR 72201

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## Information Related to Filing Suit
## Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### Important Time Limits – 90 Days to file a Lawsuit

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### Attorney Representation

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### How to Request Your Charge File and 90-Day Time Limit for Requests

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 493-2024-02268 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Edmond Sims, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 493-2024-02268 to the District Director at Edmond Sims, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.